**Arnulfo Gonzalez VARGAS; Letiticia Jimenez Gonzalez, Petitioners,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72376.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

See also 119 Fed.Appx. 146.

R.App. P. 34(a)(2).

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael Jack Haney, Federal Deposit Insurance Corporation, Dallas, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Arnulfo Gonzalez Vargas and Letiticia Jimenez Gonzalez ("petitioners"), husband and wife, and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying as untimely their motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, see *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion when it refused to apply equitable tolling to petitioners' motion to reopen where petitioners failed to demonstrate they acted with due diligence in pursuing their ineffective assistance of counsel claim against their former attorney. Even if the limitations period did not start to run until petitioners met with their current counsel in early June 2004, petitioners do not explain why they waited eight more months to file their motion to reopen with the BIA in late February 2005. *Compare id.* at 899

(petitioner filed his motion to reopen within the ninety-day period after meeting with his subsequent counsel and becoming aware of his former counsel's deception).

We need not consider petitioners' remaining arguments. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir.2004) (holding that the court need not address petitioners' underlying ineffective assistance claim where the BIA correctly determined that they failed to overcome the procedural hurdles).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

